Case 3:24-cv-00283   Document 12   Filed on 12/04/24 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
December 04, 2024
Nathan Ochsner, Clerk

# In the United States District Court for the Southern District of Texas

### GALVESTON DIVISION

No. 3:24-cv-283

RYAN WILKERSON, *Plaintiff*,

v.

COSTCO WHOLESALE CORP., *Defendant*.

## MEMORANDUM OPINION AND ORDER

JEFFREY VINCENT BROWN, *UNITED STATES DISTRICT JUDGE*:

The plaintiff has moved for remand and attorney's fees. Dkt. 4. The court will grant remand and deny the request for fees.

### I. Background

Ryan Wilkerson bought a washer from Costco. Dkt. 1-2 ¶¶ 7, 18. Costco agreed to deliver and install the washer as part of the purchase agreement. *Id.* Soon after Costco's agent installed the washer, Wilkerson's wife ran a load of laundry. *Id.* ¶¶ 10–13. The washer emptied its dirty water into the wall cavity, causing damage to the home. *Id.* ¶¶ 13–14. Wilkerson used towels and fans to mitigate the damage and filed a claim with Costco. *Id.* ¶¶ 15–17.

Wilkerson later sued Costco in the 405th Judicial District Court of

Galveston County for breach of contract, seeking damages and attorney's fees. *Id.* ¶¶ 18–28. Costco removed based on diversity jurisdiction. Dkt. 1. Wilkerson now seeks remand for Costco's failure to establish the amount in controversy, along with attorney's fees. Dkt. 4.[1]

## II.  Legal Standard

Subject-matter jurisdiction predicated on diversity requires (1) complete diversity of citizenship and (2) an amount in controversy greater than $75,000. 28 U.S.C. § 1332(a). The removing party bears the burden of "showing that federal jurisdiction exists and that removal was proper" based on the "claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

---

[1] Costco asks the court to strike Wilkerson's motion to remand because he failed to confer and include a certificate of conference as required by the Galveston Division Rules of Practice. Dkt. 9 at 3. To be sure, this court's local rules are to be followed. The court finds, however, that "[t]he conference requirement is intended to promote efficiency and communication among parties, but it cannot support a denial of a motion to remand when federal subject[-]matter jurisdiction is otherwise unwarranted." *TFHSP LLC Series 605 v. Lakeview Loan Servicing, LLC*, No. 3:14-CV-1782-B, 2014 WL 5786949, at *5 (N.D. Tex. Nov. 3, 2014); *see also Melvin v. Rimkus Consulting Grp., Inc.*, No. CIV.A. H-08-2707, 2008 WL 4551500, at *2 (S.D. Tex. Oct. 7, 2008) (refusing to consider argument that removing party failed to comply with local rule requiring certificate of conference because those arguments do not "go to the objective reasonableness of the removal").

"In removal practice, when a complaint does not allege a specific amount of damages, the party invoking federal [diversity] jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). "This requirement is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Manguno*, 276 F.3d at 723. "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Id.*

## III.  Analysis

The only issue here is whether the amount in controversy exceeds $75,000. Dkt. 4. The state-court petition "seeks only relief of $250,000.00 or less, excluding interest, statutory or punitive damages and penalties, and attorney fees and costs." Dkt. 1-2 ¶¶ 1, 4. Wilkerson has not stipulated that he seeks $75,000 or less but represents that his claim for "250,000.00 or less" was made to satisfy Texas's pleading rules. *Id.*; Dkts. 4 at 3; 9, 10; *see* Tex. R. Civ. P. 47 (requiring petitions to contain "a statement that the party seeks," for example, "monetary relief of $250,000 or less.").

Although Rule 47's plain text does not "prevent[] a plaintiff from demanding damages up to but no higher than a stated amount," the court agrees with Wilkerson that Costco has failed to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Durbois v. Deutsche Bank Nat'l Trust Co.*, 37 F.4th 1053, 1059 (5th Cir. 2022); Dkt. 4. It is not "apparent from the face of the petition that the claims are likely to exceed $75,000." *Manguno*, 276 F.3d at 723. The petition alleges, without specificity, "severe" and "substantial" water damages to the interior of Wilkerson's home. Dkt. 1-2 ¶¶ 17, 21, 27. Costco claims that this allegation, together with the Rule 47 designation, makes it "facially apparent" that the jurisdictional amount is satisfied. Dkt. 9 at 3. Removal cannot, however, "be based simply upon conclusory allegations." *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 774 (5th Cir. 2003) (quoting *Allen v. R&H Oil & Gas, Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)); *see also St. Paul*, 134 F.3d at 1253 ("[B]are allegations [of jurisdictional facts] have been held insufficient to invest a federal court with jurisdiction." (citation omitted)).[2] And Costco has not

---

[2] The court finds instructive the Fifth Circuit's conclusion that "it was not 'facially apparent' that the amount of damages would exceed $75,000" when a complaint alleged relatively minor injuries with little specificity. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850–51 (5th Cir. 1999). *Compare id. with Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (explaining that a sufficiently high amount in controversy is facially apparent when plaintiffs allege

"set[] forth 'summary judgment type evidence' of facts in controversy that support a finding" that the amount in controversy exceeds $75,000. *Manguno*, 276 F.3d at 723.

Finally, although federal jurisdiction does not lie here, the court will not award Wilkerson his attorney's fees associated with the removal. "[T]he mere determination that removal was improper" does not require the court to grant such a request. *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000). Indeed, "[t]here is no automatic entitlement to an award of attorney's fees" under 28 U.S.C. § 1447(c). *Id.* Rather, the court considers "whether the defendant had objectively reasonable grounds to believe the removal was legally proper" at the time of removal. *Id.* at 293. Here, the court finds that Costco's basis for removal was legally insufficient but not objectively unreasonable.

\*   \*   \*

For the foregoing reasons, the court grants the plaintiff's request for remand. Dkt. 4. The clerk shall remand this case to the 405th Judicial District Court of Galveston County. The court denies the plaintiff's request for attorney's fees. *Id.*

---

extensive injuries, such as "an emergency ambulance trip" and a "six-day stay in the hospital," or back injuries and "permanent disability and disfigurement").

Signed on Galveston Island this 4th day of December, 2024.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE